UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAH RA EL BEY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DAVID N. WATSON,<br><br>　　　　Defendant. | No. 2:19-cv-00026 MCE CKD (PS)<br><br>ORDER &<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se and in forma pauperis. On January 8, 2019, plaintiff was ordered to show cause why this case should not be dismissed for lack of federal jurisdiction. In response, plaintiff filed a first amended complaint (FAC), purporting to allege federal claims against defendant Watson ("dba Comcast Cable Communications Management LLC") under 42 U.S.C. § 1983. (ECF No. 5.)

The Civil Rights Act provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege facts showing each named defendant either exhibited some sort of "direct personal participation in the deprivation" or "set[ ] in motion a series of acts by others which the actor [knew] or reasonably should [have known]

1

would cause others to inflict the constitutional injury." Johnson v. Duffy, 588 F.2d 740, 743-744 (9th Cir. 1978). There must be an actual causal link between the actions of the named defendants and the alleged constitutional deprivation. See Monell v. Dep't of Soc. Services, 436 U.S. 658, 691–92 (1978). The FAC does not allege that defendant was acting "under color of state law" or otherwise allege the elements of a § 1983 claim, or any federal claim.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for lack of jurisdiction.

In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are STAYED pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations and any non-frivolous motions for emergency relief, the court will not entertain or respond to any motions and other filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 25, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/ elbey0026.f&rs_nojuris